# COURT OF APPEALS OF VIRGINIA

---

**Record No. 1459-25-4**

---

FARZANEH SAIRAFIANPOUR

v.

LOUDOUN COUNTY PUBLIC SCHOOLS

---

Present: Chief Judge Decker, Judges AtLee and Callins

Opinion Issued August 11, 2026[*]

---

**FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION**

(Farzaneh Sairafianpour, on briefs), *pro se*.

(J. David Griffin; Old Dominion Law Group, P.C., on brief), for appellee.

---

**MEMORANDUM OPINION**
**<u>PER CURIAM</u>**

Farzaneh Sairafianpour, *pro se*, appeals from the decision of the Workers' Compensation Commission (the Commission) awarding her medical benefits for a back injury, denying medical benefits for a left-hand and -wrist injury, and denying temporary total disability benefits. Sairafianpour argues that the Commission erred by not recognizing her hand and wrist injury as compensable under the Worker's Compensation Act (the Act) and not awarding her lost wages. Her former employer, Loudoun County Public Schools (the School), assigns cross-error, arguing that she failed to prove a compensable back injury. We hold that the record before this Court does not establish that the Commission erred, and we affirm.[1]

---

[*] This opinion is not designated for publication. *See* Code § 17.1-413(A).

[1] Having examined the briefs and record in this case, the panel unanimously agrees that oral argument is unnecessary because "the appeal is wholly without merit." *See* Code § 17.1-403(ii)(a); Rule 5A:27(a).

Sairafianpour worked as a fulltime teacher for the School for two years but tendered her resignation from that position on May 9, 2024, effective June 18, 2024.[3] On May 31, 2024, between those two dates, she reported sustaining injuries to her left hand, left wrist, and back while working that day. She later sought medical and disability benefits for those injuries.

Sairafianpour's evidence established that, during the school year when the injuries occurred, she did not have a dedicated classroom and pushed a supply cart from room to room throughout the day. She contended that her injuries occurred while she was moving the cart. Sairafianpour's first report of injury, prepared by her assistant principal in June 2024, identified a "[r]epeated injury to [left] wrist from pushing cart and lifting baskets up and down off the cart . . . . Additional injury to [her] lower back on left side from lifting something off the ground."

Sairafianpour filed multiple requests for benefits. In an August 2024 request, she alleged that she sustained an injury from having "to pull [a] cart and carry heavy baskets" on a cart. She said that "one of the heavy baskets fell in the floor and [she] tried [to] pick it up." She claimed that she was unable to "stand back up" because she "had [a] fatigued back." She also asserted that her wrist was "swollen from the weight and painful from pushing." And she reported that her "back

---

[2] On appeal from a decision of the Commission, applicable legal principles require this Court to "view the evidence and all reasonable inferences" flowing from it "in the light most favorable to . . . the party [who] prevail[ed]" on the particular issue before the Commission. *Stillwell v. Lewis Tree Serv.*, 47 Va. App. 471, 474 (2006); *see Jeffreys v. Uninsured Emp.'s Fund*, 297 Va. 82, 87 (2019).

[3] Contrary to Sairafianpour's representation on appeal, in her resignation notice, she stated that she was "resigning voluntarily . . . because [she] was not satisfied to work in th[at] school." She asked to return to the substitute position she had held previously. At the deputy commissioner's hearing, she authenticated the resignation notice and stipulated to the related dates but suggested her resignation was involuntary. According to Sairafianpour, the principal gave her an "[un]fair evaluation," and she received notice that her teaching contract would not be renewed. She was given the option to resign and was told that resigning was "better" than nonrenewal.

ha[d] a lot of pain that ma[d]e[] sitting and walking uncomfortable." In October 2024, Sairafianpour filed a second request for a hearing, describing the injuries as occurring "[d]uring pulling [a] heavy cart and carry[ing a] heavy basket of material for contin[illegible] one year."

The deputy commissioner held an evidentiary hearing in February 2025. Sairafianpour testified that on May 31, 2024, a basket full of supplies "dropped . . . to the floor and hit[ her nondominant left] hand," causing her to feel sharp pain in the hand "at that specific time." She added that when she loaded the basket and put it on the cart, she " fe[lt] the very sharp pain on [her] back too."

Some evidence before the deputy commissioner, however, tended to show that Sairafianpour's injuries were caused by repetitive trauma. As to the hand and wrist injury, both the June 2024 first report of injury and Sairafianpour's recorded statement of June 5, 2024, attributed that injury to "repeatedly" "using the cart" and lifting baskets rather than to a specific incident.[4] In addition, the August 2024 claim form indicated that her wrist was "swollen" and "painful from pushing" rather than from being struck by a heavy basket. Medical records from June 2024 also did not identify a falling basket as the cause of the hand and wrist injury, suggesting instead that she was injured when she "went to pick up the basket."

---

[4] Sairafianpour suggested that the assistant principal who prepared the report "didn't write" what Sairafianpour said and "inexplicably" included the word "repeatedly" in her description of the left-wrist injury. But as the deputy commissioner found, Sairafianpour herself used the word "repeatedly" in her recorded statement. When asked whether she had experienced the hand pain before, Sairafianpour responded, "No," and elaborated that "because of . . . using the cart . . . repeatedly, it was painful, but when [she] drop[ped] and [she] pick[ed] it up, then it g[o]t[] really worse[]."

After considering the evidence, the deputy commissioner concluded that Sairafianpour's testimony about the cause of the hand and wrist injury was "inconsistent with other evidence." So he found that she failed to prove a compensable injury to her left hand and wrist.[5]

As to the back injury, the deputy commissioner found that Sairafianpour satisfied her burden of proving a compensable injury. Although he observed that some evidence suggested non-compensable repetitive trauma,[6] the deputy concluded that her testimony, medical records, and other documents pointed to her act of picking up the fallen basket as the cause of her back injury. As noted by the deputy, Sairafianpour testified to feeling "sharp pain" in her back as she lifted the basket, and the first report stated that she injured her lower back "lifting something off the ground." He also pointed to a June 2024 medical record documenting that she reported suffering low back pain "after lifting a heavy basket onto a cart." The deputy commissioner accepted this evidence as sufficient to prove that she sustained a compensable back injury. But he denied her request for temporary total disability benefits because no doctor attributed any degree of disability to the back injury.

Both parties requested review. The Commission considered all the evidence properly before it, including Sairafianpour's testimony and medical records. It found that at an urgent care clinic in June 2024, a medical provider took a history of Sairafianpour's injuries. At that time, Sairafianpour reported "us[ing] a rolling cart" that was "heavy to push" and engaging in "repetitive movement of her back lifting things off the cart and moving to other places," causing "gradual lower back

---

[5] The Commission notified the parties that it would provide an interpreter for the hearing at no cost if needed by either party or any witnesses. Nothing in the record suggests that Sairafianpour attempted to avail herself of this service. The deputy commissioner found that Sairafianpour, for whom English was a second language, had "no difficulty expressing herself, either verbally or in writing."

[6] For example, a June 2024 medical record provided that Sairafianpour engaged in "repetitive movement of her back lifting things off the cart" and experienced "gradual lower back pain."

pain." Based on Sairafianpour's history, the day before her urgent-care visit, "some of her items fell and she then went to pick up the basket full of school supplies. She felt an immediate pain in her left wrist a[nd] her lower back[ and] . . . noticed a bulge on the left side of her wrist . . . ." Sairafianpour was diagnosed with an unspecified sprain of the left hand and wrist, a left-hand ganglion cyst, and a low-back strain.

The Commission noted that later that month, Sairafianpour began treatment with two different orthopedic physicians, Dr. David Miller, who treated her hand and wrist, and Dr. Dhruv Pateder, who treated her back.[7] According to the Commission, Dr. Miller noted that the "patient was pulling a cart between classrooms[] and it fell. As she tried to pick it up[,] her pain increased." Dr. Miller diagnosed a left-wrist sprain and imposed a lifting restriction for her left arm.

The Commission also reviewed Dr. Pateder's records. It noted his recitation that Sairafianpour's low back pain "began after [she] lift[ed] a heavy basket onto a cart at school." Dr. Pateder assessed low back pain and diagnosed spondylosis, facet joint syndrome, and sacroiliitis. He recommended physical therapy and returned Sairafianpour to work with no restrictions.[8]

Based on the evidence properly before it, the Commission affirmed the deputy's decision.[9] It found that Sairafianpour's testimony about "the mechanism of injury to her wrist" was not

---

[7] The parties stipulated below that Dr. Miller was the treating physician for the hand and wrist and Dr. Pateder was the treating physician for the back.

[8] Although not specifically noted by the Commission, Dr. Pateder elaborated that after eight sessions of physical therapy, Sairafianpour's low back pain showed "some improvement" but was "still very bothersome." He ordered a lumbar spine MRI and directed her to follow up with him afterward. But no additional medical evidence was submitted at the deputy's hearing regarding subsequent testing or treatment for Sairafianpour's back injury or any related work restrictions, and the deputy closed the record as of that date.

[9] The Commission granted the School's motion to strike all evidence Sairafianpour filed that she did not present to the deputy commissioner because it did not comply with Workers' Compensation Commission Rule 3.3. We assume without deciding that Sairafianpour properly

supported by "the remainder of the record," including the medical evidence. The Commission added that the first report of injury and a claim form described repetitive use of the wrist, not hitting the wrist. But as to the back injury, it reasoned that Sairafianpour "consistently" reported that lifting the heavy fallen basket caused "sharp back pain." The Commission held that evidence supported the award of medical benefits for the back injury, without any related temporary total disability benefits.

ANALYSIS

Sairafianpour argues that the Commission erred by refusing to recognize her hand and wrist injury as compensable under the Act and denying her request for lost wages.[10] The School assigns cross-error, arguing that the Commission erroneously held she proved a compensable back injury.

Our review of these issues is guided by the principle that an award of the Commission "shall be conclusive and binding as to all questions of fact." Code § 65.2-706(A). "Consequently, on appeal, 'we do not retry the facts before the Commission[,] nor do we review the weight[ or]

_____

challenges that determination in this Court. *See* Supreme Court Rule 5A:20(c), (e); *Morris v. Commonwealth*, 77 Va. App. 510, 517 n.2 (2023) (en banc). Even so, the Commission's interpretation and application of its Rule 3.3 was not error. *See Est. of Kiser v. Pulaski Furniture Co.*, 41 Va. App. 293, 298-99 (2003) (addressing the standard of review).

Sairafianpour submitted additional medical records and other documents to this Court after noting her appeal. Similarly, under Supreme Court Rule 5A:11(c), this Court does not consider evidence not properly made part of the record in the Commission and transmitted to this Court by that body. *Cf. Boyd v. County of Henrico*, 42 Va. App. 495, 505 n.4 (2004) (en banc) (recognizing that "[u]nder basic principles of appellate review, [this Court] may not go beyond the record developed in the trial court").

[10] Sairafianpour makes several more complaints on brief. She suggests that the School submitted false documents for a doctor's visit that she says never occurred. She also argues that she has not received necessary treatment for her back despite the Commission's award of medical benefits for that injury. She requests "the right to select [her] own treating physician." And she seeks penalties against the employer pursuant to Code §§ 65.2-524 and -805. She has not, however, established that she presented these claims to the Commission in the proceedings that led to this appeal. An appellate court can consider only issues that were presented to the body appealed from and on which the party obtained a ruling. *See* Rules 5A:18, 5A:20(c); *Davis v. Wal-Mart Assocs.*, 80 Va. App. 526, 537 (2024). So we do not consider these new claims in our review.

preponderance of the evidence, or the credibility of witnesses.'" *Jeffreys v. Uninsured Emp.'s Fund*, 297 Va. 82, 87 (2019) (quoting *Caskey v. Dan River Mills, Inc.*, 225 Va. 405, 411 (1983)). "If . . . evidence or reasonable inference[s] . . . from the evidence . . . support the Commission's findings, they will not be disturbed . . . on appeal, even though there is evidence in the record to support contrary findings of fact." *Id.* (quoting *Caskey*, 225 Va. at 411). And "[m]edical evidence is not necessarily conclusive[] but is subject to the [C]ommission's consideration and weighing." *Dollar Gen. Store v. Cridlin*, 22 Va. App. 171, 176 (1996) (quoting *Hungerford Mech. Corp. v. Hobson*, 11 Va. App. 675, 677 (1991)).

Under the Act, "'[i]njury' means . . . [an] injury by accident arising out of and in the course of the employment." Code § 65.2-101. To establish an "injury by accident," a claimant must prove "an identifiable incident" that "occur[ed] at [a] reasonably definite time" and was caused by "an obvious sudden mechanical or structural change in the body." *Hoffman v. Carter*, 50 Va. App. 199, 212 (2007) (quoting *Chesterfield County v. Dunn*, 9 Va. App. 475, 476 (1990)). The "requisite causative event . . . must be a specific occurrence that can be temporally fixed with reasonable accuracy." *City of Charlottesville v. Sclafani*, 300 Va. 212, 221 (2021) (citing *Morris v. Morris*, 238 Va. 578, 589 (1989)). And injuries resulting from repetitive trauma or other cumulative events do not fit the statutory definition of a compensable injury by accident. *Hoffman*, 50 Va. App. at 213.

The Commission's determinations regarding the proper interpretation of medical evidence, as well as the cause, nature, and extent of disability, are factual findings. *See Ford Motor Co. v. Hunt*, 26 Va. App. 231, 236 (1997) (interpretation of medical evidence); *Samartino v. Fairfax Cnty. Fire & Rescue*, 64 Va. App. 499, 507 (2015) (fact of disability); *United Airlines, Inc. v. Hayes*, 58 Va. App. 220, 237 (2011) (cause, nature, and extent of disability). Such issues may be proved using "direct or circumstantial evidence, including . . . 'the testimony of a claimant,'" if found

credible by the Commission. *Farmington Country Club, Inc. v. Marshall*, 47 Va. App. 15, 26 (2005) (quoting *Dollar Gen. Store*, 22 Va. App. at 176). Further, the "opinion of the treating physician is entitled to great weight, although the [C]ommission is not required to accept it." *Vital Link, Inc. v. Hope*, 69 Va. App. 43, 64 (2018) (quoting *Hayes*, 58 Va. App. at 238).

Based on this well-established law, the Court considers the assignments of error in turn.

## I. Hand and Wrist Injury

With regard to Sairafianpour's hand and wrist injury, she bore the burden of proving four specific elements: "(1) an identifiable incident; (2) that occur[ed] at some reasonably definite time; (3) an obvious sudden mechanical or structural change in the body; and (4) a causal connection." *Hoffman*, 50 Va. App. at 212 (quoting *Dunn*, 9 Va. App. at 476). Her first report of injury described "[r]epeated injury to wrist from pushing cart and lifting baskets up and down off the cart to specific teaching location." In a claim form, Sairafianpour reported that "one of the heavy baskets fell in the floor and [she] tried [to] pick it up." The form also described Sairafianpour's wrist as "swollen from the weight and painful from pushing." A second claim form described the injury as occurring "[d]uring pulling [a] heavy cart and carry[ing a] heavy basket of material for . . . one year."

Rather than identifying an exact incident causing a sudden mechanical bodily change to Sairafianpour's hand or wrist, this evidence supports the Commission's finding of an injury caused by *repetitive* pushing and pulling. "[A]n injury resulting from the cumulative trauma caused by the physical exertions inherent in an employee's normal work is not an 'injury by accident,' compensable under the Workers' Compensation Act." *Kraft Dairy Grp., Inc. v. Bernardini*, 229 Va. 253, 256 (1985) (per curiam). Strain from repetitive heavy lifting or any other repetitive motion falls short of proving a "sudden mechanical or structural change in the body," which is a prerequisite to finding an "injury by accident" that is compensable under the Act. *See id.* at 257

(quoting *Va. Elec. & Power Co. v. Cogbill*, 223 Va. 354, 356 (1982)). Accordingly, the evidence in the record supports the Commission's decision that Sairafianpour failed to prove a compensable workplace injury to her hand or wrist under the Act.

Although Sairafianpour identifies other evidence describing a basket hitting her hand, the Commission was authorized to weigh the credibility of such evidence and evaluate it against the remaining record. *See Chandler v. Schmidt Baking Co.*, 228 Va. 265, 267-68 (1984). Here, the Commission considered Sairafianpour's testimony and conflicting evidence, such as the recorded statement, medical evidence, and first report describing a repetitive-use injury. Balancing the evidence, the Commission reasonably concluded that Sairafianpour's "testimony regarding the mechanism of injury to the wrist [wa]s not substantiated by the remainder of the record." Credible evidence supports this conclusion, so it is binding on this Court in this appeal. *See Jeffreys*, 297 Va. at 87.

Challenging this conclusion, Sairafianpour suggests that the Commission should have focused on her claims of "lost wages, employment limitations, and ongoing disability." But a prerequisite to receiving lost wages, medical benefits, and other coverage is proving a compensable injury under the Act. *See Hoffman*, 50 Va. App. at 212. This prerequisite is simply not satisfied where repetitive trauma caused the injury. *See id.* at 213; *accord Kraft*, 229 Va. at 256-57 (holding that a strain from repetitive heavy lifting was not compensable under the Act). As a result, the Commission did not err by concluding that Sairafianpour failed to meet her burden of showing that one specific incident, rather than a repetitive injury, caused a sudden injury to her hand and wrist. In short, she has not proved a right to coverage for the hand and wrist injury under the Act, including coverage for disability compensation. *See Hoffman*, 50 Va. App. at 213.

Finally, despite Sairafianpour's claims to the contrary, the fact that the School initially provided medical coverage for the hand and wrist injury did not compel it to continue doing so. An

employer's voluntary payment of an injured employee's medical bills, standing alone, does not prevent it from later denying a legal duty to make such payments. *See Lysable Transp., Inc. v. Patton*, 57 Va. App. 408, 416 (2010); *Strong v. Old Dominion Power Co.*, 35 Va. App. 119, 125 (2001). Typically, the employer is bound only by the entry of a formal award of coverage, based on either the employer's agreement or an unappealed adjudication. *See* Code §§ 65.2-701, -704 to -706; *Lysable Transp.*, 57 Va. App. at 414-18.[11] In most cases, absent the Commission's entry of an award, the employer simply has no continuing legal duty to make such payments. *See Lysable Transp.*, 57 Va. App. at 415-16.

Consequently, we affirm the Commission's ruling denying Sairafianpour's claim for workers' compensation coverage for her left-hand and -wrist injury.

## II. Back Injury

The medical records and testimony support the Commission's conclusion that Sairafianpour's back injury qualified as an injury by accident because it resulted from her discrete act of picking up the heavy fallen basket. She testified to having "sharp pain" in her back as she lifted the basket, and the first report of injury stated that she injured her lower back "lifting something off the ground." Other evidence supported this testimony. For example, a June 2024 medical record noted that Sairafianpour suffered low back pain "after lifting a heavy basket onto a

---

[11] Sairafianpour suggests on brief that an "[a]ward agreement [was] signed confirming *medical benefits accepted* for [her] hand and back" and that "Work[ers'] Compensation . . . *rejected lost wages* but confirmed medical care for both injuries." The record, however, reflects that although the School's insurance carrier initially agreed to such coverage and prepared an award agreement form listing medical benefits for those body parts, Sairafianpour insisted that wage-loss benefits be added. She checked a second box on the form in an effort to add those benefits and signed the form, but it was never signed by the insurance carrier's representative. So the parties did not reach an agreement regarding the scope of benefits, and the Commission did not enter an award ordering medical benefits for the hand, wrist, and back injuries at that time. Instead, the matter was referred to the hearing docket for resolution. And at that stage of the proceedings, the School contested Sairafianpour's entitlement to medical benefits for the hand and wrist injury, resulting in the denial of those benefits that she contests in this appeal.

cart at school." So the evidence supports the Commission's determination that she suffered a compensable injury to her back under the Act.

The School challenges this conclusion, arguing that repetitive trauma, rather than a workplace accident occurring at a discrete time, caused Sairafianpour's back injury. It contends that the Commission's finding of causation from repetitive conduct should have applied not only to the hand and wrist injury but also to the back injury. Contrary to the School's argument, the record does not compel a finding equating the mechanisms that caused the separate injuries. Unlike the hand and wrist injury, medical records and testimony supported the finding that one discrete incident caused injury to the back—lifting the heavy basket. Although other evidence mentioned repetitive back movements, that evidence was not as closely tied to the specific injury alleged, and the Commission was entitled to weigh it against the entire record. *See Chandler*, 228 Va. at 268.

The record supports the Commission's decision holding that Sairafianpour sustained an injury by accident to her back and awarding her medical benefits for that injury.[12]

### III.  Compensation for Wage Loss

Sairafianpour challenges the Commission's ruling denying her claim for lost wages. A party seeking worker's compensation benefits bears the burden of proving the extent of her

---

[12] The School argues on brief that the evidence did not prove an additional requirement for coverage—that the injury "arose out of" Sairafianpour's employment. *See* Code § 65.2-101. Below, however, the School specifically stipulated that if she sustained an injury by accident to her back, that injury "arose out of . . . [her] employment." *See Logan v. Commonwealth*, 47 Va. App. 168, 172 & n.4 (2005) (en banc) (recognizing that although a court cannot accept concessions of law, a party can waive the right to have a court decide a particular legal point), *cited with approval in Commonwealth v. Holman*, 303 Va. 62, 75 (2024). As a result, the School's request for this Court to rule on whether Sairafianpour's back injury "arose out of" her employment is waived. *See Holman*, 303 Va. at 73-75 (discussing the prohibition on approbating and reprobating—taking inconsistent positions during the course of a case).

- 11 -

disability. *Jalloh v. Rodgers*, 77 Va. App. 195, 207 (2023). Sairafianpour has not proved any wage loss causally related to a compensable injury under the Act.[13]

First, regarding Sairafianpour's hand and wrist injury, the record supports the Commission's ruling that it does not qualify as an injury by accident under the Act. *See supra* Part I. And this ruling compels the conclusion that her physical restrictions due to this injury and any related wage loss are not causally related to a compensable injury. *See Hoffman*, 50 Va. App. at 212-13. Consequently, the Commission did not err by denying wage-loss benefits for her hand and wrist injury.

Second, with regard to Sairafianpour's back injury, the record supports the Commission's ruling that the injury qualifies as an injury by accident under the Act. *See supra* Part II. And we have upheld the Commission's award of causally related medical benefits for this injury as a result. *See id.* But the medical records properly before the Commission and this Court simply do not support a finding that Sairafianpour was disabled due to her back injury at any time up to the deputy commissioner's hearing. Dr. Pateder, her treating physician for this injury, released her to return to work with no restrictions on June 20, 2024, and he repeated this determination at an evaluation the following month. Absent evidence properly in the record supporting a finding that the back injury resulted in a disability that limited her ability to work during the relevant time frame, Sairafianpour established no entitlement to lost wages. *See* Code § 65.2-500, -502 (addressing payments in the context of total or partial "incapacity for work resulting from the injury"); *see also Samartino*, 64 Va. App. at 502, 511 (affirming the Commission's decision denying temporary total disability benefits because the evidence supported a finding that the claimant was not disabled).

---

[13] Due to the lack of proof of any causally related disability, we do not examine Sairafianpour's suggestion that the School forced her to resign her fulltime teaching position rather than accommodate her restrictions.

Accordingly, the Commission did not err by refusing to consider evidence of Sairafianpour's efforts to locate employment and denying her request for wage-loss benefits based on its ruling on causation and the medical evidence in the record at the time.

CONCLUSION

We hold that the Commission did not err by ruling that Sairafianpour's hand and wrist injury resulted from repetitive trauma that was not compensable under the Act. We also reject the School's assignment of cross-error contending that the Commission erroneously ruled that her back injury was compensable under the Act. Finally, we conclude that the Commission did not err by refusing to award compensation benefits for wage loss because no evidence established that she sustained any wage loss due to her back injury, the only injury for which she was entitled to coverage under the Act.

*Affirmed.*